UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURT A. ROSANDER,<br><br>       Plaintiff,<br><br>  v.<br><br>JOANNE B. BARNHART,<br>Commissioner of Social<br>Security<br><br>       Defendant. | No. 05-02656 BZ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

    Plaintiff Curt Rosander appeals from a final decision by the Commissioner of Social Security (Commissioner) under 42 U.S.C. § 405(g) affirming the decision of the Administrative Law Judge (ALJ). The ALJ found that since plaintiff was capable of performing light work with certain restrictions, he was not disabled and therefore not eligible for Disability or Disability Insurance Benefits, or Supplemental Security Income under Sections 216(I), 223, and 1614(a)(3) of the Social Security Act. Tr. at 20.

    The Social Security Administration Appeals Council declined to review the ALJ decision. Tr. 6-9. Plaintiff

timely requested judicial review pursuant to 42 U.S.C §405(g), and moved for summary judgment, requesting that the case be remanded to the Commissioner with instructions to award and pay plaintiff disability benefits.  In her reply, defendant made a cross-motion for summary judgment.

The Commissioner's decision to deny benefits will be disturbed only if it is not supported by substantial evidence or is based on legal error.  42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1193 (9th Cir. 2004); Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).  Substantial evidence means more than a mere scintilla but less than a preponderance.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Lewis, 236 F.3d at 509.  As a result of the limited scope of the review, the ALJ's decision will be upheld where the evidence is conflicting, Allen v. Secretary of Health & Human Servs., 726 F.2d 1470, 1473 (9th Cir. 1984), or open to multiple interpretations.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ found that plaintiff had not performed substantial gainful activity since June 1, 2001 and that he had a history of severe grand mal seizures, alcohol abuse and back pain.  Tr. at 19.  The ALJ also found that plaintiff did not have an impairment or a combination of impairments of the level of severity listed in or medically equal to that in the grid regulations, the Listing of Impairments in Appendix 1 to Subpart P of Regulation No. 4.  Id.  The ALJ found that

2

plaintiff could not perform past relevant work but was capable of performing other jobs including surveillance monitor, table worker and information clerk.  Tr. at 20.

While there is some conflicting evidence in the record, substantial evidence supports the ALJ's conclusions.  The ALJ relied in part on the internal medical evaluation, dated October 28, 2003, of Jaskaran Momi, M.D. of the Bayview Medical Clinic.  Dr. Momi examined plaintiff, observing that plaintiff was "awake, alert oriented" with "[f]ull range of movement in all directions" and there were no abnormalities.  Tr. at 193.  Dr. Momi was aware of plaintiff's complaints of seizures, low back pain and panic attacks, yet concluded that the "only limitation by history in this patient is that he should not be working on moving machinery, close to a large body of water or uneven surfaces" and plaintiff "can sit comfortably" for an 8-hour shift, "can stand and/or walk 1 to 2 hours at a time" and "can lift and carry 25 pounds of weight most of the time."  Tr. at 194.  Plaintiff can control his seizures for the most part with regular medication, as most of his past seizures appear to have occurred after he discontinued or decreased his medication.  Plaintiff offered only subjective evidence regarding his panic attacks and fear of public interaction, and there is sufficient evidence to support the ALJ's conclusion that these are not debilitating enough to preclude plaintiff from working.  Substantial evidence supports the ALJ's decision that plaintiff's residual functional capacity is such that he could perform several light exertional jobs such as surveillance monitor, table

3

1  worker and information clerk.
2      Plaintiff challenges these findings, contending that the
3  ALJ:  (1) failed to consider plaintiff's Post Traumatic Stress
4  Disorder (PTSD); (2) erroneously relied on plaintiff's
5  activities of daily living; and (3) erroneously rejected
6  evidence that plaintiff is unable to work.
7      Plaintiff first argues that the ALJ improperly discounted
8  the evidence that he suffers from PTSD.  The only medical
9  evidence plaintiff presented of PTSD were diagnoses on June,
10 15, 1998 and September 2, 1998.  Tr. at 138.  Neither
11 diagnosis was certain, and there is no diagnosis of PTSD in
12 the record after the date of onset of the alleged disability.
13     The ALJ gave "[c]areful consideration" to plaintiff's
14 "subjective complaints and testimony which . . . are supported
15 by few objective medical findings, and which are not fully
16 credible."  Tr. at 18.  Plaintiff has not provided medical
17 evidence that he suffered from PTSD during the time he now
18 claims he was disabled, which he is required to do in order to
19 receive benefits.  He did not seek to supplement the record to
20 include examinations or diagnoses regarding his claimed PTSD.
21 Putting aside plaintiff's subjective complaints, there is
22 substantial evidence in the record to support discounting
23 plaintiff's claimed PTSD.
24     Plaintiff next argues that the ALJ's reliance on
25 plaintiff's activities of daily living is legal error and not
26 supported by substantial evidence.  The ALJ noted that
27 plaintiff's activities include "walking the dog, gardening,
28 shopping, cooking, cleaning, and helping his parents."  Tr. at

4

1  18.  Plaintiff alleges that these actions are not inconsistent
2  with his limitations and he should not be penalized for trying
3  to perform common activities.  He testified that he must
4  maintain telephone contact with his mother when he takes the
5  bus to go shopping, Tr. at 300-01, and that while cleaning he
6  often must work slowly and take breaks because of his back.
7  Tr. at 297.

8      Plaintiff is correct that the ability to complete
9  activities at home does not necessarily transfer to the
10 workplace.  See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir.
11 1998).  The ALJ, however, found that plaintiff was not
12 disabled because plaintiff does not have a medically severe
13 impairment or combination of impairments.  Any error the ALJ
14 may have committed in relying on plaintiff's daily activities
15 to conclude that plaintiff could perform substantial gainful
16 work was harmless.  See Burch, 400 F.3d at 679.  ("A decision
17 of the ALJ will not be reversed for errors that are
18 harmless.")

19     Plaintiff also contests the ALJ's rejection of the
20 vocational expert's testimony suggesting there are no jobs for
21 plaintiff.  At the hearing, the ALJ asked two hypothetical
22 questions regarding the types of jobs that plaintiff could
23 perform.  Tr. at 308-10.  The ALJ asked the expert to consider
24 jobs for people with characteristics similar to those of
25 plaintiff, in age and education and with mild mobility and
26 exertional limitations.  Tr. at 308.  The vocational expert
27 listed surveillance monitor, table worker and information
28 clerk as possible jobs, Tr. at 308-09, which the ALJ cited in

his decision.  Tr. at 20.  In his second hypothetical question, the ALJ then asked for possible jobs for people with moderate impairment with "concentration, persistence and pace."  Tr. at 309.  The expert testified that if moderate impairment meant losing 20% of a work day, such a scenario would preclude competitive employment.  Tr. at 310.

Hypotheticals and a vocational expert's opinions are valuable only if they are supported by medical evidence.  Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).  The only medical evidence in the record regarding plaintiff's moderate mental limitations are the reports of consulting psychologist, Dr. Gary Balestin, and DDS physician, Dr. Ida Hilliard.  Dr. Balestin and Dr. Hilliard determined that plaintiff is moderately limited in following instructions, maintaining attention and concentration and performing at a consistent pace.  Tr. at 170-71, 187-88.  The ALJ may reject the conclusions in a medical report as long as he sets forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.  Magallanes, 881 F.2d at 751; Jackson v. Barnhart, 2005 WL 2008037 at * 7 (N.D. Cal. 2005).

The ALJ accepted the reservations Dr. Balestin himself expressed in his report that Dr. Balestin's conclusions were "not corroborated by either his own or any other mental status findings."  Tr. at 18.  In his report, Dr. Balestin cast doubt on his findings of moderate limitations, noting that the intelligence estimates "appeared inconsistent with clinical presentation, reflecting lack of effort" and finding

6

that plaintiff had at least low average mental capacity.  Tr. at 168-69.

The decision does not mention Dr. Hilliard's report. Dr. Hilliard's report consists of a form with checked boxes without explanation or elaboration of her markings.  The ALJ did not commit legal error in disregarding Dr. Hilliard's report.  See Stempien v. Barnhart, 2002 U.S. Dist. LEXIS 21670 *6 (N.D. Cal. 2002)("The ALJ also need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings.")

Plaintiff contends that it was legal error for the ALJ to rely on Dr. Balestin's report to find that plaintiff is not disabled while rejecting Dr. Balestin's determinations that plaintiff has some moderate limitations.  I disagree. That mischaracterizes Dr. Balestin's report, since it was the Doctor who questioned his own findings.  To the extent there is a discrepancy, the ALJ is responsible for resolving any discrepancies between experts and within a single expert's opinion.  See id. at 753.  ("It is not necessary to agree with everything an expert witness says in order to hold that his testimony contains 'substantial evidence.")(internal quotations omitted).  See also Clay v. Barnhart, 417 F.3d 922, 930 (8th Cir. 2005)(holding that consulting physician's "opinion was equivocal and that it was not error for the ALJ to disregard his findings" about claimant's low IQ, given "his specific claim that [she] failed to put forth a serious effort when taking the IQ test").  Because the ALJ did not

find credible evidence of plaintiff's moderate limitations, he disregarded the vocational expert's testimony about hypothetical moderate limitations that would preclude competitive employment.

For the reasons described above, the ALJ's decision to deny plaintiff Disability or Disability Insurance Benefits, and Supplemental Security Income is supported by substantial evidence and free of legal error.  Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment is **DENIED** and defendant's cross-motion for summary judgment is **GRANTED**.

DATED: March 10, 2006

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\ROSANDER\ORDER3.wpd